[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------------

No. 04-11356
Non-Argument Calendar

----------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-00469-CR-7-1

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

    versus

KIMBERLY PATILLO,
a.k.a. Kimberly Michelle Woods,

                                                    Defendant-Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

(May 10, 2005)

Before EDMONDSON, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kimberly Patillo appeals her 41-month sentence for conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; and wire fraud, in violation of 18 U.S.C. §§ 2 and 1344, resulting from her participation in a mortgage-fraud scheme. Patillo contends that the district court erred in (1) not granting her a two-level adjustment to reflect her minor role in the scheme, pursuant to U.S.S.G. 3B1.2; and (2) determining her guideline sentence based on facts that neither were charged in her indictment nor found beyond a reasonable doubt, in the light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004). No reversible error has been shown; we affirm.

Patillo's presentence investigation report ("PSI") recommended that her offenses be grouped together, pursuant to U.S.S.G. § 3D1.2(d), and that her base offense level be set at 6, pursuant to U.S.S.G. §§ 2B1.1(a)(2) (guideline for offenses involving fraud).[1] The PSI also recommended a 14-level increase because the offense involved approximately $494,095 in losses, pursuant to U.S.S.G. § 2B1.1(b)(1)(H) (guideline for loss amounts greater than $400,000); a

---

[1] To avoid ex post facto issues, the PSI used the 2001 edition of the United States Sentencing Guidelines in calculating Patillo's guideline sentence.

2-level increase because the offense involved fraudulent conduct during a bankruptcy proceeding, pursuant to U.S.S.G. § 2B1.1(b)(7)(B); a 2-level increase because the offense involved sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(8)(C); a 2-level increase because the offense involved the unauthorized transfer or use of any means of identification, pursuant to U.S.S.G. § 2B1.1(b)(9)(C)(i); and a 2-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a).

Patillo objected to the PSI's recommended guideline enhancements, but she did not argue that a jury—instead of the district court—should decide them. Patillo also objected to the PSI's failure to recommend a minor-role adjustment, pursuant to U.S.S.G. § 3B1.2(b), because (1) her role in the mortgage-fraud scheme was minor compared with its other participants, (2) she was not aware fully of the scope of the scheme, (3) she was not involved in its planning, and (4) she did not default on either of the loans she entered as part of this scheme.

Afer conducting an evidentiary hearing on Patillo's objections, the district court overruled them, except for the § 2B1.1(b)(7)(B) adjustment for bankruptcy fraud. The court also overruled Patillo's objection to the PSI's failure to recommend a minor-role adjustment, based on its summary determination that this adjustment was not supported by evidence in the record. The court, however,

3

sentenced Patillo at the low end of her guideline range "in deference to the fact that [Patillo's] involvement was less than some of the [other participants]."

I.     Minor Role Adjustment

Patillo argues on appeal that the district court erred as a matter of law by refusing to grant her a minor-role adjustment after the court concluded that she was less culpable than other participants. Section 3B1.2(b) of the Sentencing Guidelines provides for a two-level adjustment in a defendant's base offense level if she was a minor participant in the offense. U.S.S.G. § 3B1.2(b). A district court's determination of a defendant's role in an offense constitutes a factual finding reviewed for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving by a preponderance of the evidence that she is entitled to a minor-role adjustment. Id. at 939.

A minor participant in an offense means a participant "[w]ho is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2., comment. (n.5). To determine whether a defendant played a minor role in the offense for which she has been held accountable, the district court must "measure the defendant's role against the relevant conduct attributable to her in calculating her base offense level." De Varon, 175 F.3d at

4

944. Where the relevant conduct attributable to a defendant "is identical to her actual conduct, she cannot prove that she is entitled to a minor-role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not accountable." Id. at 941.[2] Although in many cases this first method of analysis will be dispositive, the court also may measure the defendant's culpability in comparison to that of other participants in the relevant conduct. Id. at 944-45.

The district court held Patillo accountable for the total loss amount from real-estate transactions in which she either misrepresented her financial status, falsified identification documents for "straw purchasers,"or helped recruit buyers. Shawn Wilson testified at sentencing that, although another defendant recruited him, he primarily dealt with Patillo when he provided false identification information. Indeed, although the court—in sentencing Patillo at the low end of her guideline range—stated that it had determined that she was less involved in the mortgage-fraud scheme than some of her codefendants, we have explained:

---

[2] Amendment 635 of the Sentencing Guidelines, which revised the commentary to § 3B1.2., states that a defendant "who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline." See U.S.S.G. § 3B1.2, comment. (n.3(A)). Patillo implies that this amendment constituted a change in our law. But we have determined that the Sentencing Commission, through Amendment 635, ratified our approach in De Varon. See United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

> a defendant is not automatically entitled to a minor role adjustment merely because she was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than <u>most other participants</u> in her relevant conduct.

See <u>De Varon</u>, 175 F.3d at 944 (emphasis in original). Because Patillo failed to establish by a preponderance of the evidence that she was less culpable than most other participants, the court did not clearly err in denying her request for a minor-role adjustment.[3]

## II. <u>Blakely/Booker Error</u>

Patillo also asserts that the district court violated her Sixth Amendment rights under <u>Blakely</u> by determining her guideline sentence based on facts that neither were charged in her indictment nor proven to a jury. Because Patillo failed to raise this constitutional claim in the district court, we review it only for plain error. See <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1298 (11th Cir. 2005) (applying plain error review to <u>Blakely</u> claim that appellant failed to raise in the district court). Under plain error review, an appellate court may not correct an error the defendant failed to raise in the district court unless there is "(1) error,

---

[3] To the extent that the district court summarily denied Patillo's request for a minor-role adjustment, we have determined that, "[i]n making the ultimate determination of the defendant's role in the offense, the sentencing judge has no duty to make any specific subsidiary factual findings. . . . So long an the district court's decision is supported by the record and the court clearly resolves any <u>disputed</u> factual issues, a simple statement of the district court's conclusion is sufficient." See <u>De Varon</u>, 175 F.3d at 939 (internal citations omitted).

(2) that is plain, and (3) that affects substantial rights." Id. (quotations and internal marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotations omitted).

The Supreme Court determined in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 2362-63. After the district court sentenced Patillo, the Supreme Court concluded in Blakely that the imposition—based solely on the sentencing judge's factual findings—of a sentencing enhancement above the 53-month standard range indicated in the State of Washington's Sentencing Reform Act violated the defendant's Sixth Amendment rights because the facts supporting the findings neither were admitted by the defendant, nor found by a jury. Blakely, 124 S.Ct. at 2534-38. The Court in Blakely, however, expressly stated that "[t]he Federal Guidelines are not before us, and we express no opinion on them." Id. at 2538 n.9.

The Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005), however, recently determined that "no distinction of constitutional significance

7

[existed] between the Federal Sentencing Guidelines and the Washington procedures at issue [in Blakely]." Id. at 749. The Court, therefore, concluded that the mandatory nature of the guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. Id. at 749-51. The Court also reaffirmed its rationale in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

In Rodriguez, we reviewed a similar appeal in which the appellant had failed to preserve a Blakely/Booker objection in the district court, and the Supreme Court had decided Booker while the appellant's sentence was pending on direct appeal. Applying plain error review, we determined that the appellant had satisfied the first element of plain error by showing error because, under a mandatory guideline system, the appellant's sentence had been enhanced based on judicially determined factual findings that went beyond the facts admitted by the defendant or found by the jury. Rodriguez, 398 F.3d at 1298.

We also determined in Rodriguez that the second element of plain-error review had been met. Id. at 1299. We explained that, although the Booker error had not been "plain" when the court had sentenced the appellant, "where the law at

8

the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that the error be 'plain' at the time of appellate consideration." Id. (quotation omitted); see also Booker, 125 S.Ct. at 769 (directing that decision was applicable to all cases on direct appeal).

But we concluded in Rodriguez that no plain error had occurred because, under the third element of plain error, the appellant had failed to show that the Booker error "affect[ed] substantial rights," that is, that the error "must have affected the outcome of the district court proceedings." Rodriguez, 398 F.3d at 1299, 1306 (quotation omitted). We discussed that the test for showing that the error "affected the outcome of the district court proceedings" was the formulation of a reasonable probability of a different result, which means a probability "sufficient to undermine confidence in the outcome." Id. at 1299 (quotation omitted). We also reiterated that, under this third element, "[i]t is the defendant rather than the [g]overnment who bears the burden of persuasion with respect to prejudice." Id. (quotation omitted).[4] Because we determined that the record in Rodriguez "provide[d] no reason to believe any result [was] more likely than not,"

---

[4] We explained in further detail in Rodriguez that "pre-Booker defendants must establish a reasonable probability that if the district court had considered the guidelines range it arrived at using extra-verdict enhancements as merely advisory, instead of mandatory, and had taken into account any otherwise unconsidered [18 U.S.C. § 3553(a)] factors, the court would have imposed a lesser sentence than it did." See Rodriguez, 398 F.3d at 1302.

we concluded that the appellant had not met his burden on the third element of plain-error review. Id. at 1301. And we concluded that we "ha[d] no occasion to decide how he would have fared under the fourth [element]." Id.

In the instant case, Patillo contested the facts on which the court relied in calculating her guideline sentence under a mandatory guidelines system. We conclude that Booker error occurred and that it is now "plain." See Rodriguez, 398 F.3d at 1298-99.[5] But similar to the facts in Rodriguez, Patillo has not explained on appeal, much less proven under the third element of plain-error review, how her substantial rights were affected by the court's Booker error.

Indeed, district courts still must consider guideline ranges. See Booker, 125 S.Ct. at 764 ("Without the 'mandatory' provision, the [Sentencing Reform Act] nonetheless requires judges to take account of the Guidelines together with other sentencing goals"). Because the court heard extensive testimony on Patillo's offense conduct, the court, at least implicitly, considered the nature and

---

[5] In determining that Booker error occurred in Rodriguez, we noted, without deciding, that an enhancement for obstruction of justice may not have been a Booker error "because the jury verdict convicting the appellant of the crimes he denied necessarily, albeit implicitly, found that he had engaged in behavior that fit[] within § 3C1.1." See Rodriguez, 398 F.3d at 1298 n.5. In the instant case, however, Patillo contested during her plea colloquy and at sentencing the facts underlying her sentence enhancements.

circumstances of the offense and Patillo's character. See 18 U.S.C. § 3553(a)(1).[6]

In imposing a sentence at the low end of Patillo's guideline range, based on its

determination that she played a lesser role than some of the participants, the court

also demonstrated that it considered the need for the sentence imposed. See 18

U.S.S.C. § 3553(a)(2)-(4). And the court ordered a restitution amount that

reflected the loss sustained by the victims of the fraud. See 18 U.S.C.

§ 3553(a)(7).

Even in the absence of these determinations, the likelihood of a different

result would be speculative without a clear statement or sign from the court that,

but for the fact that its discretion was constrained under the federal guidelines, it

would have imposed a lighter sentence. See Rodriguez, 398 F.3d at 1300-01.

Patillo has not cited to such evidence. At best, it is unclear whether the court

would have imposed a different sentence. Patillo, therefore, has not met her burden

---

[6] These other relevant factors in § 3553(a) include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for . . . (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .; (5) any pertinent policy statement []; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." See 18 U.S.C. § 3553(a)(1)-(7).

11

of showing a reasonable probability that the result of her sentencing would have been different but for the <u>Booker</u> error, and we need not determine the fourth element of plain-error review.  <u>See</u> <u>id.</u> at 1301.

In sum, the district court erred under <u>Booker</u> and this error was "plain."  We, however, conclude that we may not exercise our discretion to notice this forfeited error because Patillo has failed to carry her burden under the third element of plain error to show that this pre-<u>Booker</u> error affected her substantial rights.  We, therefore, affirm Patillo's 41-month sentence.

**AFFIRMED.**